UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROL E. RASOR,

    Plaintiff,

vs.                                          Case No.: 8:04-CV-2060-30MAP

EVERETT S. RICE, individually and in his
Official capacity as Sheriff of the Pinellas
County Sheriff's Office, and JIM COATS,
in his official capacity as Chief Deputy of
the Pinellas County Sheriff's Office,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's Motion to Compel Production of Documents from Defendants (doc. 47) and Defendants' response thereto (doc. 62). The district judge recently granted Plaintiff's motion for leave to file a second amended complaint to clarify her disparate treatment and disparate impact claims and withdraw her retaliation claim. Because the Defendants indicated in their response to Plaintiff's motion that if Plaintiff's motion to amend is granted they would agree to produce more documents (see doc. 62, pg. 3, note 2), the parties should again confer pursuant to Local Rule 3.01(g) in an effort to resolve any outstanding disputes.[1]

---

[1] "Confer," as that term is used in these rules, means "to come together to compare views or take counsel." WEBSTER'S NEW COLLEGIATE DICTIONARY (1979). In other words, a cryptic letter or fax to opposing counsel voicing broad complaints does not satisfy Rule 37's demands. *See e.g., Williams v. Board of County Commissioners,* 192 F.R.D. 698 (D.C. Kan. 2000) (a single letter between counsel addressing a discovery dispute does not satisfy the duty to confer imposed by Rule 37(a)(2)(B); it requires counsel to "converse, confer, compare views, consult, and deliberate"). This Court expects the parties to meet or, at the very least, discuss the issues in a phone conference. Thus, at Rule 3.01(g) conference each side should reexamine its position. The Defendants should reconsider if some of the documents they withheld from Plaintiff should

Accordingly, it is

ORDERED:

1. Plaintiff's Motion to Compel Production of Documents from Defendants (doc. 47) is DENIED without prejudice.

2. In responding to a motion to compel, Defendants are instructed that if they refuse to produce items based on some type of privilege, Rule 26(b)(5) imposes a specific obligation to make their claims expressly, describe the nature of the documents, communications, or things not produced in sufficient detail (without revealing them) so that the other side can assess these claims. Providing this information also serves to reduce the need for *in camera* inspection by the court. To streamline the review process, the withholding party should prepare a privilege log that gives for each document: (1) a brief description or summary of the document sufficient to understand its context without revealing the contents; (2) the date it was prepared; (3) the name(s) of the person(s) who prepared the document and their position(s); (4) the person(s) to whom the document was directed or received, or for whom it was prepared, and their position(s); (5) the purpose for preparing the document; (6) the privilege asserted; and (7) the reasons that document purportedly satisfies the asserted privilege. *See CSX Transportation, Inc. v. Admiral Insurance*

---

be produced; conversely, the Plaintiff should reexamine its demands in light of the Defendants' objections.

*Company,* 1995 WL 855421 (M.D. Fla. 1995); *Gottlieb v. Wiles,* 143 F.R.D. 241 (D.C. Colo. 1992).

DONE AND ORDERED in chambers this 23nd day of September, 2005.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE