**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CAROL E. RASOR,**

    **Plaintiff,**

v.                                                        Case No.  8:04-cv-2060-T-30MAP

**EVERETT S. RICE, individually and in his**
**official capacity as Sheriff of the Pinellas**
**County Sheriff's Office, and JIM COATS,**
**individually and in his official capacity as**
**Chief Deputy of the Pinellas County Sheriff's**
**Office,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon the Motion of Defendant Everett S. Rice as Sheriff of the Pinellas County Sheriff's Office to Dismiss Plaintiff's Pattern and Practice and Disparate Impact Claims and Memorandum in Support (Dkt. # 71) and Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Pattern and Practice and Disparate Impact Claims and Memorandum of Law in Support (Dkt. # 79).  The Court, having considered the motion and being otherwise fully advised, finds that it should be denied.

Defendant Rice has moved to dismiss on the grounds that an individual plaintiff may not bring a "pattern and practice" claim and that Plaintiff has failed to exhaust her administrative remedies.  Plaintiff responds that she is not pursuing a pattern or practice claim, rather she is seeking to use the evidence to support her disparate treatment claim.

As Judge Hodges explained in his well-reasoned order in NAACP v. Florida Department of Corrections, No. 5:00-cv-100-WTH-GRJ, 2000 U.S. Dist. LEXIS 27841, * 12 (M.D. Fla. Aug.23, 2002), "every court that has explicitly addressed the issue has held that pattern or practice cases are limited to actions brought by the Government (including the Equal Employment Opportunity Commission) or to claims brought as class actions." However, a plaintiff is not necessarily "precluded from offering relevant statistical evidence to show a 'pattern-or-practice' of racial discrimination to bolster their individual prima facie cases, or to show that the [employer's] reasons for a particular adverse employment decision were pretexual." Id. at* 20. Judge Hodges went on to explain that:

> Statistical evidence alone, however, may never establish a prima facie case of individual disparate treatment. In every case where a plaintiff relies upon circumstantial evidence, all four elements of a prima facie case must be established using the *McDonnell Douglas* framework. Id. at * 20.
>
> * * *
>
> Accordingly, the individual Plaintiffs in this case may not pursue pattern-or-practice claims as an independent or free standing and self sufficient method of proof, nor are they entitled to substitute the *Teamsters* framework in place of the *McDonnell Douglas* method of establishing a prima facie case of disparate treatment based upon circumstantial evidence. Id. at 22.

Consistent with the reasoning in NAACP, Plaintiff may not pursue a pattern-or-practice claim as a free standing and self sufficient method of proof. Plaintiff may attempt to use pattern-and practice evidence to bolster her individual prima facie case under McDonnell Douglas or to show pretext on the part of Defendants. However, the Court will

consider pattern-and-practice evidence offered by Plaintiff only where such evidence is relevant to a particular claim of the Plaintiff.

The Court also finds that Plaintiff exhausted her administrative remedies. A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Gregory v. Georgia Dept. of Human Resources, 355 F.3d 1277, 1280 (11th Cir. 2004)(quoting Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir. 2000). Courts are "extremely reluctant to allow procedural technicalities" to bar claims under Title VII and the "scope of an EEOC complaint should not be strictly interpreted." Gregory, 355 F.3d at 1280 (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 460-65). The inquiry here then is whether Plaintiff's complaint "was like or related to, or grew out of, the allegations contained in her allegations contained in her EEOC charge." Gregory, 355 F.3d at 1280.

Plaintiff's statement in her EEOC complaint that "during the past 12 years, many males have been promoted to Captain, but no females have ever been made a Law Enforcement Captain in the Pinellas County Sheriff's Office" was sufficient to notify the EEOC that no female had ever been promoted to the rank of Captain during Plaintiff's tenure with the Sheriff's Office. Although Plaintiff did not specifically mention pattern and practice evidence in her EEOC complaint, Plaintiff is not required to state with specificity the legal theories or specific evidence that form the basis of her claims. Plaintiff's complaint did provide the EEOC with sufficient information to place the EEOC on notice that the Sheriff's

Office appeared to repeatedly deny women promotions to the rank of Captain. Accordingly, Defendant's motion is denied.

It is therefore ORDERED AND ADJUDGED that:

1. The Motion of Defendant Everett S. Rice as Sheriff of the Pinellas County Sheriff's Office to Dismiss Plaintiff's Pattern and Practice and Disparate Impact Claims and Memorandum in Support (Dkt. # 71) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 7, 2005.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2004\04-cv-2060.mot to dismiss.wpd